Mayham, J.
The defendant was not in default for not delivering iron under this contract until the first of September, 1880. By the terms of the contract the defendant was to deliver in the spring and summer of 1880, and having delivered in both those seasons, in the absence of any provision in the contract fixing the amount to be delivered at any one time, it would have been a complete performance within express terms of the contract if on the last day of the summer the defendant had delivered the remaining 161J tons not delivered; the whole amount called for by the contract would then have been delivered during the spring and summer of 1880, and the contract therefore would have been literally performed.
It may be true, as claimed by the plaintiff, that they wanted and needed this iron supplied, as they desired to use the same to keep their works in operation, and it may also he true that the defendant was apprised of that fact, but in the absence of an express provision in the contract requiring frequent or continuous delivery that imposed no legal duty or obligation upon the defendant.
If this conclusion is correct, then the fact that the plaintiffs were unable to obtain a sufficient supply of iron to carry on their business in the spring and summer of 1880, was not a matter to be considered in this action, and the question put to tne witness Park on that subject was properly excluded. The defendant had, as has been seen, until and including the last day of the summer, to complete the delivery, and the contract was not therefore broken until the end of the summer; and we think the learned justice al the trial was right in holding that evidence at the trial must be directed to the difference in value of the iron at the agreed or contract price on the first of September, *510 and the actual market value at that time. That could be arrived at by evidence either of the actual market value, as shown by- sales at that time, or by the evidence of witnesses acquainted with the market value, based upon their knowledge of sales at that time or within such reasonable time before and after that as bore more or less directly upon the value at that time. It was competent therefore for either party estimating or determining the difference in value to put in evidence by competent witnesses the value of iron of this description at or about the time of the breach by the defendant, and this method was adopted by both parties.
The plaintiff proved by Park the purchases made by him in September, October and November. This evidence was offered for the double purpose of showing the actual market value of this iron on the first of September, and also for the purpose of fixing the actual damage by showing how much the plaintiff in fact suffered by reason of the failure of the* defendant to perform his contract, and we think the evidence competent on both grounds.
The defendant proved also by Weed & Williams, sales of iron about the same time, for the purpose of fortifying their opinions as to the market value of iron of this description.
These witnesses were clearly competent to speak of the market value of iron, and in determining their competency the inquiries as to their dealings in iron of this quality were competent as bearing upon that question. They did not constitute objectionable acts and declarations of parties in their own favor such as would authorize their exclusion for that reason. The evidence being competent, it was not error to refuse to strike it out on the plaintiff’s motion.
Nor do we think the court erred in refusing to direct a verdict for the plaintiff for a specific amount claimed by him. The difference in the market value of iron on the first of September was one of the disputed questions of fact litigated on the trial, and one that could not properly be taken from the jury. Both parties introduced evidence on that subject, and the witnesses of the respective parties differed in their conclusions as to the value at that time. And for the court to have determined that conflict would, we think, have been a clear invasion of the prerogative of the jury and error.
There was no valid exception to the charge of the judge, and we think that as a whole it was a correct exposition of the law of the case and a full and fair submission of the questions of fact to the jury.
For reasons heretofore stated upon the questions of law *511 discussed, we think the judge was right' in denying the motion for a new trial upon the minutes.
The verdict was not upon its face unsupported by the evidence.
The jury were authorized and required to deduct from the amount of the plaintiff’s damage as proved by the evidence and found'by them, the unpaid balance of $6,288.09 for the invoice of iron delivered in September, and with that deducted, the court could not, under the evidence, say that the verdict was wholly unsupported by the evidence.
Much less that it was against the evidence. On the whole case we do not see any valid reason for the reversal of the order appealed from.
The order must be affirmed, with costs.
Learned P. J., concurs.